IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| LILY CARMEN JACKSON,<br>Plaintiff, | § § § | |
| vs. | § § | CIVIL ACTION NO. 2:08-cv-00205<br>Jury Demanded |
| L-3 COMMUNICATIONS VERTEX<br>AEROSPACE LLC,<br>Defendant. | § § § § | |

## PLAINTIFF LILY CARMEN JACKSON'S FIRST AMENDED ORIGINAL COMPLAINT AND JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

**NOW COMES** Lily Carmen Jackson, hereinafter called Plaintiff, complaining of and about L-3 Communications Vertex Aerospace LLC, hereinafter called Defendant, and for cause of action shows unto the Court the following:

### PARTIES AND SERVICE

1. Plaintiff Lily Carmen Jackson, is a citizen of the United States and the State of TX and resides in Aransas County, TX.

2. Defendant L-3 Communications Vertex Aerospace LLC is a foreign limited liability company organized under the laws of the State of Delaware with its principal place of business in Madison, Mississippi. Defendant has registered with and is authorized to do business in the State of Texas. Defendant owned, controlled and/or operated a place of business, at which Plaintiff was employed during 2006-2007, located in Kleberg County, Texas. Defendant has previously been served and has generally appeared and filed an answer through its attorneys of record, upon whom a copy of this pleading will be served in accordance with the Federal Rules of Civil Procedure.

## JURISDICTION

3. The action arises under both federal diversity jurisdiction, as Defendant is a foreign limited liability company with its principal place of business in the State of Mississippi, and federal subject matter jurisdiction, based on alleged violations of federal statutory law, as hereinafter more fully appears. This action was originally filed in the 105th Judicial District Court of Kleberg County, Texas, and subsequently removed to this Court by Defendant.

4. This Court has supplemental jurisdiction over state law claims discussed below under 28 U.S.C. Section 1367(a) because they arise out of the same case or controversy.

## NATURE OF ACTION

5. This is an action under Title 42 U.S.C. Section 2000e et seq. as amended by the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex. Based on the same facts, Plaintiff also brings this an action under Chapter 21 of the Texas Labor Code, Section 21.001 et seq., to correct unlawful employment practices on the basis of sex.

## CONDITIONS PRECEDENT

6. All conditions precedent to jurisdiction have occurred or been complied with: a charge of discrimination was filed with the Equal Employment Opportunity Commission within three-hundred days of the acts complained of herein and Plaintiff's Original Petition was filed in the state court action, from which it was later removed to this court, within ninety days of Plaintiff's receipt of the Equal Employment Opportunity Commission's issuance of a right to sue letter. Likewise, Plaintiff timely requested and received a Right to Sue letter from the Texas workforce Commission, Civil Rights Division, and filed the underlying state court action within 60 days of receipt of such right to sue letter.

**FACTS**

7. Beginning during the month of February, 2006, and continuing until April 5, 2007, when she was terminated, Plaintiff was subjected to both sexual harassment and sexual discrimination at her place of work in Kleberg County by employees and supervisory personnel employed by Defendant. On or about April 2, 2007, Plaintiff filed a formal grievance with Defendant's Human Resources Manager at Plaintiff's workplace. Plaintiff suffered retaliation after her complaints. On or about April 5, 2007, Plaintiff's employment was unlawfully terminated.

**SEXUAL DISCRIMINATION AND HARASSMENT**

8. Defendant, L-3 Communications Vertex Aerospace LLC, intentionally engaged in unlawful employment practices involving Plaintiff because she is a female.

9. Defendant, L-3 Communications Vertex Aerospace LLC, discriminated against Plaintiff in connection with the compensation, terms, conditions and privileges of employment in violation of 42 U.S.C. Section 2000e (2)(a) and Chapter 21 of the Texas Labor Code. The effect of these practices has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex.

10. Defendant, L-3 Communications Vertex Aerospace LLC, intentionally discriminated against Plaintiff in connection with the compensation, terms, conditions and privileges of employment or limited, segregated or classified Plaintiff in a manner that would deprive or tend to deprive her of any employment opportunity or adversely affect her status because of Plaintiff's sex in violation of 42 U.S.C. Section 2000e (2) (a) and Chapter 21 of the Texas Labor Code.

11. Further, Defendant, L-3 Communications Vertex Aerospace LLC, intentionally classified Plaintiff in a manner that deprived her of an equal employment opportunity that was

provided to male employees similarly situated in violation of 42 U.S.C. Section 2000e (2) (a) and Chapter 21 of the Texas Labor Code.

12.   Defendant sexually harassed Plaintiff, as described above, in violation of her rights under 42 U.S.C. Section 2000e (2) (a) and Chapter 21 of the Texas Labor Code. Defendant, L-3 Communications Vertex Aerospace LLC, knew or should have known of the harassment, yet failed to take prompt remedial action

13.   Plaintiff alleges that Defendant, L-3 Communications Vertex Aerospace LLC, both sexually harassed and discriminated against Plaintiff on the basis of sex with malice or with reckless indifference to the federal-protected rights of Plaintiff.

### RETALIATION BY L-3 COMMUNICATIONS VERTEX AEROSPACE LLC

14.   Plaintiff alleges that Defendant L-3 Communications Vertex Aerospace LLC instituted a campaign of retaliation, culminating in her wrongful termination only 3 days after filing a formal grievance with Defendant's Human Resources Department. The retaliation included unfair, repeated and harsh criticism of Plaintiff's work in a manner that held her to a different standard than her male co-workers, vulgar and profane language and derogatory comments and characterizations of Plaintiff including repeated references to her as "bitch" and "c**t," unjustified write-ups, refusals to grant her a transfer to another crew and supervisor, and ultimately termination of her job under the pretext of "poor job performance", after she had formally complained to her employer about such conduct. The retaliation and unlawful termination was and were due to Plaintiff exercising her rights. Plaintiff suffered damages for which Plaintiff herein sues.

### DAMAGES

15.   Plaintiff sustained the following damages as a result of the actions and/or omissions

4

of Defendant described hereinabove:

    a.    Loss of her job and related employee benefits, which resulted in a severe loss of income, past and future, that forced her, among other things, to incur taxes and penalties when she was forced to cash in her 401(k) in order to pay bills and living expenses;

    b.    All reasonable and necessary Attorneys' fees incurred by or on behalf of Plaintiff;

    c.    Back pay from the date that Plaintiff was denied equal pay for equal work and interest on the back pay in an amount to compensate Plaintiff as the Court deems equitable and just;

    d.    All reasonable and necessary costs incurred in pursuit of this suit;

    e.    Emotional pain;

    f.    Expert fees as the Court deems appropriate;

    g.    Front pay in an amount the Court deems equitable and just to make Plaintiff whole and/or reinstatement or other appropriate equitable relief;

    h.    Mental anguish in the past; and

    i.    Mental anguish in the future.

## EXEMPLARY DAMAGES

16.    Plaintiff would further show that the acts and omissions of Defendant complained of herein were committed with malice or reckless indifference to the protected rights of the Plaintiff. In order to punish said Defendant for engaging in unlawful business practices and to deter such actions and/or omissions in the future, Plaintiff also seeks recovery from Defendant for exemplary damages

In order to punish said Defendant for engaging in unlawful business practices and to deter such actions and/or omissions in the future, Plaintiff also seeks recovery from Defendant for exemplary damages as provided by Section 21.2585 of the Texas Labor Code and/or under applicable federal statutory law.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Lily Carmen Jackson, respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court; exemplary damages, together with interest as allowed by law; costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

By: /s/ Keith M. Gould
Keith M. Gould
Attorney-in-Charge
Texas Bar No. 00795885
Southern District Bar No: 22313
The Gould Law Firm
5959 S. Staples, Suite 228
Corpus Christi, TX  78413
Telephone: (361) 994-9800
Facsimile: (361) 994-9801
And

Paul D. Andrews
Texas Bar No. 01248600
Southern District Bar No: 9532
Paul D. Andrews, P.C.
Of Counsel to The Gould Law Firm
5959 S. Staples, Suite 228
Corpus Christi, TX  78413
Telephone: (361) 994-9800
Facsimile: (361) 994-9801
And

        Adam Poncio
        Texas Bar No. 16109800
        Southern District Bar No: 194847
        Poncio Law Offices, P.C.
        5410 Fredericksburg Rd., Suite 310
        San Antonio, TX  78229
        Telephone: (210) 212-7979
        Facsimile: (210) 212-5880

        Attorneys for Plaintiff,
        Lily Carmen Jackson

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the above and foregoing instrument has been forwarded by telefax and first class mail, to the following counsel of record, on this the 28th day of July 2008.

David M. Korn
PHELPS DUNBAR LLP
365 Canal St., Ste. 2000
New Orleans, LA  70130-6534
Telephone: 504-584-9297
Facsimile: 504-568-9130

Maureen Blackburn Jennings
Andrew A. Woellner
PHELPS DUNBAR LLP
700 Louisiana St., Ste. 2600
Houston, Texas  77002
Telephone: 713-626-1386
Facsimile: 713-626-1388

                                              /s/ Keith M. Gould
                                              Keith M. Gould